[Dkt. No. 38]

```
         IN THE UNITED STATES DISTRICT COURT
            FOR THE DISTRICT OF NEW JERSEY
                    CAMDEN VICINAGE
```

| | |
|---|---|
| RAHUL SHAH, M.D., o/a/o DENNIS C., <br><br> Plaintiff, <br><br> v. <br><br> BLUE CROSS BLUE SHIELD OF TEXAS, <br><br> Defendant. | Civil No. 16-8803(RMB/AMD) <br><br> **OPINION** |

APPEARANCES:

Michael Gottlieb, Esq.
Callagy Law, PC
650 From Road, Suite 565
Paramus, NJ 07652
    *Attorneys for Plaintiff*.

Anne B. Sekel, Esq.
Foley & Lardner, LLP
90 Park Avenue
New York, NY 10016
    *Attorneys for Defendant*.

**BUMB, United States District Judge:**

This matter comes before the Court upon the filing of a motion by Defendant Health Care Service Corporation, a Mutual Legal Reserve Company, doing business in Texas as Blue Cross and Blue Shield of Texas (incorrectly identified as Blue Cross Blue Shield of Texas) ("HCSC" or "Defendant") [Dkt. No. 38] seeking

the dismissal of all counts of Plaintiff Rahul Shah, M.D.'s ("Plaintiff" or "Dr. Shah") Amended Complaint pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons stated herein, the motion will be granted, in part, and denied, in part.

I. **Factual and Procedural Background**[1]

On February 16, 2015, Dr. Shah performed spinal surgery (the "Procedures") on his patient, Dennis C. (the "Patient"). (Am. Compl. ¶ 4-5). Dr. Shah obtained an assignment of benefits from the Patient so that he could bring claims under the Employee Retirement Income Security Act of 1974, 29 U.S.C. § 1002, et seq. ("ERISA") on the Patient's behalf. (Am. Compl. ¶6; Am. Compl. Ex. B).

After performing the Procedures, and pursuant to the assignment of benefits, Dr. Shah prepared a Health Insurance Claim Form ("HICF") demanding reimbursement in the amount of $162,466.00 from Defendant, the claims administrator of the Patient's health insurance plan. (Am. Compl. ¶ 7, 15; Am. Compl. Ex. C). Defendant, however, paid only a fraction of the requested amount. (Id. at ¶ 8; Am. Compl. Ex. D).

Unsatisfied with the amount of reimbursement he received, Dr. Shah instituted an administrative appeal, pursuing a full

---

[1] The facts recited herein are derived from Plaintiff's Amended Complaint [Docket No. 27]. The Court will, as it must, accept Plaintiff's well-pled allegations as true for purposes of this motion to dismiss. See Bistrian v. Levi, 696 F.3d 352, 358 n. 1 (3d Cir. 2012).

reimbursement. (Id. at ¶ 9; Am. Compl. Ex. E). On April 1, 2015, Plaintiff submitted a letter to "Horizon Bluecard" formally requesting an "internal appeal/second look." (Am. Compl. Ex. E). In his letter, Dr. Shah also requested that he be furnished with certain documents, including "a copy of the Summary Plan Description, Plan Policy, and identification of the Plan Administrator/Plan Sponsor." (Am. Compl. ¶ 10; Am. Compl. Ex. E). On March 30, 2016, Plaintiff submitted a letter to Defendant containing his "second notice of appeal" and reiterating his request for documents. (Am. Compl. Ex. E). Although Defendant responded to the appeal, it did not furnish all of the documents requested by Plaintiff. (Am. Compl. ¶ 11). Specifically, Plaintiff did not receive a copy of the Summary Plan Description until this litigation had been initiated and proceeded to discovery. (Id. at ¶ 12).

On October 4, 2016, Plaintiff filed a four count complaint in the New Jersey Superior Court, Civil Division, Cumberland County (No. CUM-L-699-16) against Horizon Blue Cross Blue Shield of New Jersey ("Horizon") and Defendant alleging: (1) breach of contract; (2) failure to make all payments pursuant to member's plan under 29 U.S.C. § 1132(a)(1)(B); (3) breach of fiduciary duty and co-fiduciary duty under 29 U.S.C. § 1132(a)(3), 29 U.S.C. § 1104(a)(1), and 29 U.S.C. § 1105(a); and (4) failure to establish/maintain reasonable claims procedures under 29 C.F.R.

2560.503-1. [Dkt. No. 1-1]. Defendant removed the action to federal court on November 28, 2016 on the basis of federal question jurisdiction.

On March 10, 2017, Plaintiff dismissed his claims against Horizon without prejudice. [Dkt. No. 23]. On May 4, 2017, he filed the Amended Complaint restating the four counts of the initial complaint and adding two additional counts against Defendant: (1) failure to establish a summary plan description in accordance with 29 U.S.C. § 1022 and 29 C.F.R. § 2520.102-2 and (2) failure to provide a copy of the summary plan description upon written request in violation of 29 U.S.C. § 1024. (Am. Compl. ¶ 51-68).

Pursuant to this Court's Individual Rules and Procedures, the Defendant filed a letter on June 16, 2017 expressing its intention to file a motion to dismiss Plaintiff's Complaint and setting forth its arguments in support of that proposed motion. [Dkt. No. 33]. In response, Plaintiff indicated that he would voluntarily dismiss Counts One (breach of contract) and Six (29 U.S.C. § 1024). [Dkt. No. 36]. Defendant filed the pending motion to dismiss on July 12, 2017, seeking the dismissal of all of the remaining claims. [Dkt. No. 38].

## II. Motion to Dismiss Standard

To withstand a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), "a complaint must contain sufficient

factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 663. "[A]n unadorned, the defendant-unlawfully-harmed me accusation" does not suffice to survive a motion to dismiss. Id. at 678. "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (quoting Papasan v. Allain, 478 U.S. 265, 286 (1986)).

Rule 12(b)(6) requires the district court to "accept as true all well-pled factual allegations as well as all reasonable inferences that can be drawn from them, and construe those allegations in the light most favorable to the plaintiff." Bistrian, 696 F.3d at 358 n. 1. Only the allegations in the complaint and "matters of public record, orders, exhibits attached to the complaint and items appearing in the record of the case" are taken into consideration. Oshiver v. Levin, Fishbein, Sedran & Berman, 38 F.3d 1380, 1384 n. 2 (3d Cir. 1994) (citing Chester Cty. Intermediate Unit. v. Pennsylvania

Blue Shield, 896 F.2d 808, 812 (3d Cir. 1990)). A court may also "consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document." Pension Ben. Guar. Corp. v. White Consol. Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1993).

**III. Analysis**

At the outset, the Court notes that Counts One (breach of contract) and Six (29 U.S.C. § 1024) are dismissed with prejudice in accordance with the Plaintiff's concessions that his contract claim is preempted by ERISA and that Defendant, as a claims—rather than plan—administrator is not the proper party against which to bring a claim for failure to furnish a summary plan description. [Dkt. No. 36]. Consistent with these concessions, and pursuant to the Court's directive, [Dkt. No. 37], these Counts were not included in Defendant's motion or briefed by the parties.

Defendant seeks the dismissal of each of the remaining claims. As to Count Two, HCSC argues that only a plan itself or a plan administrator can be liable for wrongful denial of benefits under 29 U.S.C. § 1132 ("ERISA § 502"), and that as a claims administrator it is not a proper defendant for such a claim. Defendant argues that Count Three (ERISA fiduciary duty claim) should be dismissed for two reasons. First, Defendant argues that the statute only permits equitable relief, and that

6

Plaintiff seeks only legal relief. Second, Defendant argues that because Plaintiff seeks only legal relief, the fiduciary duty claim must be dismissed as duplicative of Count Two, which alleges a failure to make all payments under ERISA. Finally, Defendant argues that Counts Four (failure to establish or maintain reasonable claims procedures) and Five (failure to establish a summary plan description) should be dismissed because the regulations relied upon by Plaintiff in bringing these claims do not provide private causes of action.

The Court will address Defendant's arguments seriatim.

A. <u>Wrongful Denial of Payments under ERISA</u>

In Count Two of the Amended Complaint, Plaintiff seeks to recover, via ERISA § 502(a)(1)(B), the difference between the reimbursement he requested and the amount paid by Defendant, among other relief. Defendant contends that "[t]he proper defendant in a claim for wrongful denial of benefits under ERISA § 502(a)(1)(B) is the plan itself or a person who controls the administration of benefits under the plan." (Def.'s Br. at 3). Since HCSC is merely the claims administrator, and not the plan administrator, it argues that it is not a proper defendant under ERISA § 502 and that this claim should be dismissed. At this juncture, the Court disagrees.

ERISA § 502 provides that "[a] civil action may be brought . . . by a participant or beneficiary . . . to recover benefits

due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132(a)(1)(B). The Third Circuit has stated, in distinguishing who may be sued under ERISA § 502(a)(1)(B) and § 502(a)(2), that "in a § 1132(a)(l)(B) claim, the defendant is the plan itself (or plan administrators in their official capacities only)." Graden v. Conexant Sys. Inc., 496 F.3d 291, 301 (3d Cir. 2007)(citing Chapman v. ChoiceCare Long Island Term Disability Plan, 288 F.3d 506, 509-10 (2d Cir. 2002)) . Later, however, in a non-published decision, the Third Circuit directly addressed the question of who may be a proper defendant in an ERISA § 502(a)(1)(B) claim and held that "in a claim for wrongful denial of benefits under ERISA, the proper defendant is the plan itself or a person who controls the administration of benefits under the plan," and that "[e]xercising control over the administration of benefits is the defining feature of the proper defendant under 29 U.S.C. § 1132(a)(1)(B)." Evans v. Employee Benefit Plan, Camp Dresser & McKee, Inc., 311 F. App'x 556, 558 (3d Cir. 2009) (emphasis added).

Plaintiff alleges that it was Defendant who was responsible for the decision not to fully reimburse him. (Am. Compl. ¶ 3, 7, 8, 16, 28, 31, 40). Moreover, Plaintiff appended a copy of the "Summary Plan Description" ("SPD") to the Amended Complaint as

Exhibit F.² The SPD is merely a summary of the Patient's plan, and "does not list all of the details" of the plan. (Am. Compl. Ex. F at 1). The SPD does, however, list Defendant as the "Claims Administrator" and provides various examples of the role appurtenant to such position.

This Court cannot find that regardless of its role and responsibilities under the plan, HCSC is immune from liability under ERISA §502(a)(1)(B) simply because of the title given to it under this contract. In order to determine whether Defendant is the proper party to face such a suit, the Court looks to the issue of "control over the administration of benefits." See Evans, 311 F. App'x at 558. At this stage, the Court cannot determine, as a matter of law, that HCSC is an improper defendant under § 502(a)(1)(B). Thus, Defendant's motion to dismiss this claim is denied, without prejudice. Defendant may raise this issue again at the summary judgment stage.

B. Breach of Fiduciary Duty

In Count Three of the Amended Complaint, Plaintiff alleges that HCSC breached a fiduciary duty and co-fiduciary duty owed to Plaintiff and seeks redress via 29 U.S.C. § 1132(a)(3)(B) ("ERISA § 502(a)(3)"), 29 U.S.C. § 1104(a)(1) and 29 U.S.C. §

---

² As stated above, in ruling on a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), the Court may consider exhibits attached to the complaint. See Oshiver, 38 F.3d at 1384 n. 2 (internal citations omitted).

9

1105(a). Defendant argues that Count Three should be dismissed because Plaintiff seeks legal relief, and only equitable relief is available under ERISA for a breach of fiduciary duty. Moreover, Defendant argues that Plaintiff's fiduciary duty claims merely restate his claim for wrongful denial of benefits and are thus duplicative of Count Two. Plaintiff argues, among other things, that dismissal of these claims at this stage would be premature. The Court agrees.

Plaintiff alleges that HCSC breached its fiduciary duties by

> Failing to issue an Adverse Benefit Determination in accordance with the requirements of ERISA and applicable regulations; . . . Participating knowingly in, or knowingly undertaking to conceal, an act or omission of such other fiduciary, knowing such act or omission is a breach; . . . Failing to make reasonable efforts under the circumstances to remedy the breach of such other fiduciary; and . . . Wrongfully withholding money belonging to Plaintiff.

(Am. Compl. ¶ 41). Through this claim, Plaintiff seeks various remedies, including reimbursement for benefits allegedly owed under the plan and "such other and further relief as the Court may deem just and equitable." (Id.)

ERISA § 502(a)(3) is a "general 'catchall' provision[ that] ... act[s] as a safety net, offering appropriate equitable relief for injuries caused by violations that § 502 does not elsewhere adequately remedy." Varity Corp. v. Howe, 516 U.S. 489, 490 (1996). Therefore, the Supreme Court held, "we should

expect that where Congress elsewhere provided adequate relief for a beneficiary's injury, there will likely be no need for further equitable relief, in which case such relief normally would not be appropriate." Id. at 515 (internal citations and quotations omitted). HCSC argues that Plaintiff impermissibly seeks the same reimbursement of plan benefits through Counts Two and Three and that accordingly, Count Three must be dismissed.

The Supreme Court has not held—and neither has the Third Circuit—that Varity "requires that a plaintiff's claim under § 502(a)(3) be dismissed whenever a plaintiff also asserts a claim for relief under § 502(a)(1)(B)." Bell v. Guardian Life Ins. Co., No. CIV. 08-01629 (JEI), 2008 WL 4852840, at *4 (D.N.J. Nov. 6, 2008) (citing Parente v. Bell Atlantic-Pennsylvania and Aetna U.S. Healthcare, Inc., No. 99-5478, 2000 WL 419981, at *2 (E.D. Pa. April 18, 2000)). Courts in the Third Circuit—and in this District—have been faced with the issue of "the effect of Varity . . . on a plaintiff's ability to simultaneously pursue claims for benefits under § 502(a)(1)(B) and for breach of fiduciary duty under § 502(a)(3)," and have come out on both sides. Rahul Shah, M.D. v. Horizon Blue Cross Blue Shield, No. 15-8590 (RMB/KMW), 2016 WL 4499551, at *9 (D.N.J. Aug. 25, 2016) (quoting Beye v. Horizon Blue Cross Blue Shield of N.J., 568 F. Supp. 2d 556, 575 (D.N.J. 2008)) (additional citations omitted)(noting split among circuits and within this District as

to ability to simultaneously maintain claims under ERISA § 502(a)(1)(B) and § 502(a)(3)). This Court finds, as it has before, that dismissal at this stage would be premature, and that at the pleadings stage, Plaintiff may "plead alternative causes of action under § 502(a)(1)(B) and § 502(a)(3)." See Rahul Shah, M.D. v. Horizon Blue Cross Blue Shield 2016 WL 4499551 at *9-11 (quoting Bell, 2008 WL 4852840, at *4 (citing Parente, 2000 WL 419981, at *3 ("[P]lacing plaintiffs in the predicament of choosing between two valid ERISA claims before they have had the benefit of discovery, and thereby forcing plaintiffs to drop claims that could lead to relief, is not only antithetical to the spirit of liberal pleading rules, it is patently unjust."))); accord Masri v. Horizon Healthcare Servs., Inc., Civil No. 16-6961 (KM/JBC), 2017 WL 4122434, at *5-6 (D.N.J. Sept. 18, 2017); Shah v. Aetna, No. Civil No. 17-195 (JBS/JS), 2017 WL 2918943, at *2 (D.N.J. July 6, 2017)(citation omitted); Ross v. AXA Equitable Life Ins. Co., Civil No. 16-1591, 2016 WL 7462542 at *4 n. 4 (D.N.J. Dec. 28, 2016); HUMC Opco LLC v. United Benefit Fund, Civil No. 16-168, 2016 WL 6634878, at *4 (D.N.J. Nov. 7, 2016); DeVito v. Aetna, Inc., 536 F. Supp. 2d 523, 533–34 (D.N.J. 2008); Beye v. Horizon Blue Cross Blue Shield of New Jersey, 568 F. Supp. 2d 556, 574–75 (D.N.J. 2008).

At the appropriate stage of the litigation, however, "the Court will not permit a [breach of fiduciary duty] claim to duplicate the relief theories of [a benefits claim] . . . ." Shah, 2016 WL 4499551, at *10 (citation omitted). Accordingly, Defendant's motion to dismiss Count Three of the Amended Complaint is denied, without prejudice. HCSC may renew its challenge to the redundancy of Dr. Shah's claims on summary judgment.[3]

### C. Failure to Establish or Maintain Reasonable Claims Procedures

In Count Four, Plaintiff asserts a claim for failure to establish or maintain reasonable claims procedures under 29 C.F.R. § 2560.503-1. Defendant argues that this claim should be dismissed because it is "well-established" that 29 C.F.R. § 2560.503-1 is simply a "regulatory device" which "does not provide for a private right of action, let alone a right to monetary damages." (Def. Br. at 5). Plaintiff seemingly concedes that he is not entitled to monetary relief, but contends that Defendant's argument for dismissal is "incomplete" because it does not address Plaintiff's requests for equitable relief in the form of "an Order that Defendants have not established and

---

[3] Plaintiff argues, citing CIGNA Corp. v. Amara, 563 U.S. 421 (2011), that he may seek monetary damages pursuant to ERISA § 502(a)(3). The Court will not reach this argument at this stage. As with its arguments that the relief sought by Plaintiff in Count Three is duplicative of that sought in Count Four, HCSC may address this contention at the summary judgment stage.

13

maintained claims procedures that comply with 29 C.F.R. § 2560.503-1, and that as a result Plaintiff is deemed to have exhausted all required administrative remedies" and "such other and further relief as the Court may deem just and equitable." (Pl.'s Br. at 7; Am. Compl. ¶ 50).

As to monetary relief, this Court has held—and other courts have consistently done the same—that neither 29 C.F.R. § 2560.503-1 nor 29 U.S.C. § 1133 (ERISA § 503), the statutory provision it accompanies, gives rise to a private cause of action. See Shah, 2016 WL 4499551, at *11-12 (citing Drzala v. Horizon Blue Cross Blue Shield and Anthem Blue Cross Blue Shield of Ohio, 2016 WL 2932545, at *6 (D.N.J. May 18, 2016)("there is no distinction between ERISA procedures claims brought directly under ERISA § 1133 and those brought pursuant to the applicable regulation.")); Galman v. Sysco Food Servs. of Metro New York, LLC, 2016 WL 1047573, at *5 (D.N.J. Mar. 16, 2016) ("Section 503 does not create an independent right of action."); Piscopo v. Pub. Serv. Elec. & Gas Co., 2015 WL 3938925, at *5 (D.N.J. June 25, 2015), aff'd sub nom. Piscopo v. Pub. Serv. Elec. & Gas Co., 2016 WL 3000342 (3d Cir. May 25, 2016) (granting motion to dismiss because "section 503 of ERISA does not confer a private right of action."); Cohen v. Horizon Blue Cross Blue Shield of New Jersey, 2013 WL 5780815, at *8–9 (D.N.J. Oct. 25, 2013)).

Plaintiff's requests for "equitable relief" pursuant to 29 C.F.R. § 2560.503-1 fare no better. As noted above, in addition to monetary relief, in the Wherefore Clause of Count Four of the Amended Complaint, Plaintiff requests "an Order that Defendants have not established and maintained claims procedures that comply with 29 C.F.R. § 2560.503-1, and that as a result Plaintiff is deemed to have exhausted all required administrative remedies" and "such other and further relief as the Court may deem just and equitable." (See Am. Compl. ¶ 50). "Exhaustion of remedies, however, is not an independent cause of action; it is a condition precedent to the assertion of other claims." Masri v. Horizon Healthcare Servs., Inc., No. 16-6961 (KM/JBC), 2017 WL 4122434, at *7 (D.N.J. Sept. 18, 2017). Moreover, in light of the holdings of this Court and so many others that 29 C.F.R. § 2560.503-1 does not create a cause of action, the Court will not, and cannot, grant "other and further relief" for its violation.

Violations of 29 C.F.R. § 2560.503-1 may be probative of issues under ERISA § 502, but do not, in and of themselves, give rise to a cause of action. Accordingly, Defendant's motion to dismiss Count Four of the Amended Complaint will be granted, and Count Four will be dismissed, with prejudice.

D. Failure to Establish a Summary Plan Description

In Count Five, Plaintiff asserts a claim for failure to establish a Summary Plan Description ("SPD") in accordance with 29 U.S.C. § 1022 (ERISA § 102) and 29 C.F.R. 2520.102-2. Defendant argues that Count Five should be dismissed because ERISA § 102 does not provide a cause of action for failure to establish an SPD.

Plaintiff alleges that "the employee benefit plan is not written in a manner calculated to be understood by the average plan participant and it has the effect of failing to inform its participants and beneficiaries." (Am. Compl. ¶ 57). Specifically, Plaintiff avers that "the summary plan description states that the patient's cost-sharing obligation for out-of-network outpatient surgery is 40% without explaining what 40% refers to (i.e. 40% of what?)," thereby "insinuat[ing] that out-of-network outpatient surgery is reimbursed at 60% of the provider's charges." (Id. at ¶ 58-59; Am. Compl. Exhibit F at 23). Further, Plaintiff alleges that the SPD is misleading in that it "states that the out-of-pocket maximum for an individual is $6,000, insinuating that this amount is the maximum amount the patient can be liable for in a calender year," but Defendant is "holding Dr. Shah liable for $145,458.58." (Id. at ¶ 60-61). To remedy these alleged violations, Plaintiff seeks, via ERISA § 102 and 29 C.F.R § 2520.102-2, full reimbursement and equitable relief.

Defendant cites to Engers v. AT&T, 428 F. Supp. 2d 213, 234 (D.N.J. 2006) as support for the proposition that ERISA § 102 does not provide a cause of action for its violation. Plaintiff argues that the court in Engers did not foreclose recovery for furnishing a misleading SPD, but rather addressed whether the proper avenue for such recovery was through ERISA § 102 or ERISA § 502, the general ERISA enforcement mechanism. (Pl.'s Opp. at 7-8). Plaintiff asks this Court to determine whether Count Five "more appropriately fits under § 502". (Id. at 8).

As recognized by the court in Engers, "ERISA does not provide an automatic cause of action for the violation of every provision." Engers, 428 F. Supp. 2d at 234 (emphasis in original). "Rather, ERISA provides specific enforcement provisions." Id. Nothing in the language of either ERISA § 102 or its accompanying regulation, 29 C.F.R. 2520.102-2, indicates that it provides a cause of action.[4] As such, this Court finds that neither §102 nor 29 C.F.R. 2520.102-2 provides a cognizable cause of action. Accordingly, Count Five—violation of §102 and 29 C.F.R. 2520.102-2—will be dismissed, with prejudice.

Moreover, the Court will not decide at this juncture whether Count Five "fits under § 502." Plaintiff plead a

---

[4] The Court notes that Plaintiff cites to no case supporting the proposition that ERISA § 102 provides an independent cause of action.

17

violation of §102 and its accompanying regulation. This Court will not rewrite Plaintiff's Complaint. If Plaintiff wishes to amend his pleadings for a second time, he should seek leave to do so.

**IV. Conclusion**

For the foregoing reasons, Defendant's motion to dismiss the Amended Complaint will be denied, in part, and granted, in part. The motion to dismiss Counts Two and Three of the Amended Complaint will be denied, without prejudice. The motion to dismiss Counts Four and Five will be granted, and Counts Four and Five will be dismissed, with prejudice.

An accompanying Order shall issue on this date.

                               s/ Renee Marie Bumb
                               RENÉE MARIE BUMB
                               United States District Judge

DATED: March 13, 2018